**Opinion filed July 30, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00143-CR

_____

**DERRICK WAYNE BAKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B240069CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Derrick Wayne Baker, pled guilty to assault of a pregnant person, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(8) (West 2026). Pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court sentenced Appellant to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice but suspended

the imposition of that sentence and placed Appellant on community supervision for five years.

The State subsequently moved to revoke Appellant's community supervision, alleging four violations: (1) Appellant committed an offense, namely, driving while intoxicated, on or about March 26, 2025, in violation of Rule (a) of the rules of community supervision; (2) Appellant committed an offense, namely, unauthorized use of a motor vehicle, on or about March 26, 2025, in violation of Rule (a) of the rules of community supervision; (3) Appellant failed to abstain from alcohol in violation of Rule (b) of the rules of community supervision; and (4) Appellant failed to successfully complete an outpatient program in violation of Rule (q) of the rules of community supervision.  At a hearing on the State's motion, the State abandoned allegations one, two, and three.  Appellant pled "true" to the remaining allegation.  Upon conclusion of the hearing, and having considered the evidence presented, the trial court found the single remaining allegation in the State's motion to be "true," revoked Appellant's community supervision, and assessed an eight-year term of confinement.  We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw in this court, supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no meritorious or arguable grounds to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record.  Counsel also advised Appellant of his right to (1) object to counsel's motion, (2) review the record, (3) file a pro se response to counsel's brief, and (4) file a petition for discretionary review.  *See* TEX. R. APP. P. 6.5, 68.  As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–

44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant did not file a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the brief and the record, and we conclude that this appeal is without merit. In a revocation proceeding, the State need only prove a violation of a term or condition of community supervision by a preponderance of the evidence—the greater weight of credible evidence that would create a reasonable belief that the probationer has violated a term or condition of his community supervision. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974); *Guillory v. State*, 652 S.W.3d 923, 928 (Tex. App.—Eastland 2022, pet. ref'd). In this setting, the trial court, as the trier of the fact, is the sole judge of the credibility of the witnesses, and the weight to be afforded their testimony, and may resolve any inconsistencies in their testimonies. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980).

Although we review a trial court's revocation decision under an abuse of discretion standard, *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona*, 665 S.W.2d at 493, we review the evidence presented at a revocation proceeding in the light most favorable to the trial court's ruling. *Hacker*, 389 S.W.3d at 865; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Here, Appellant pled "true" to one of the violations alleged, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this

regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1] *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. BRUCE WILLIAMS

JUSTICE

July 30, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.